IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 11-03045-01-CR-S-ODS |
| TIMOTHY SPARKS, | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO REDUCE SENTENCE AND FOR APPOINTMENT OF COUNSEL

Defendant was sentenced to a total term of 210 months imprisonment after pleading guilty to being a felon in possession of a firearm and counterfeiting. The conviction was affirmed on direct appeal. United States v. Sparks, No. 12-1879 (8th Cir. Oct. 9, 2012). Now pending is his request for reduction of sentence and for appointment of counsel; both requests are based on the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

There is no doubt that *Johnson* does not benefit Defendant. Therefore, the Court will set aside certain preliminary questions, such as (1) whether *Johnson* applies retroactively to cases that were final when it was decided and (2) whether a motion for sentence reduction is the appropriate procedural device for raising the issue, and simply deny the motion (Doc. # 66).

*Johnson* involved the Armed Career Criminal Act ("ACCA"), which affects the Sentencing Guideline calculations and increases the minimum sentence for certain firearm offenses from ten to fifteen years if the violator has three or more prior convictions for a "serious drug offense" or a "violent felony." A "violent felony" is a crime that is punishable by more than one year in prison and

i. has as an element the use, attempted use, or threatened use of physical force against the person of another; or
ii. is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."

18 U.S.C. § 924(e)(b) (emphasis added). *Johnson* held the italicized portion, often referred to as the residual clause, violates the requirements of Due Process. *Johnson* did not affect the remaining aspects of the ACCA's definition of a "violent felony."

Even if this is the proper method for raising the issue, and even if *Johnson* applies retroactively, the decision does not aid Defendant. First, Defendant's advisory guideline range – with or without the ACCA – would have been exactly the same: 210 to 262 months.[1] The Court was asked to exercise its discretion to depart below the Guidelines to the statutory minimum, which was (based on the ACCA) 180 months, and the Court declined. There is no likelihood the Court would have departed if the ACCA did not apply and the minimum sentence was really only 120 months.

Second, the ACCA's residual clause played no part in Defendant's sentence. Among his prior convictions was one for Distribution of a Controlled Substance (which counts as a serious drug offense). Also included were two convictions for Second Degree Burglary, which both count as violent felonies because they are enumerated offenses under the ACCA regardless of the residual clause. E.g., United States v. Stymiest, 581 F.3d 759, 768-69 (8th Cir. 2009). *Johnson*'s invalidation of the residual clause does not affect the analysis of whether an offense is actually enumerated in section 924(e)(b)(ii).

The Clerk of Court is directed to mail a copy of this Order to:

Timothy Sparks
Reg. No. 23205-045
FCI El Reno
P.O. Box 1500
El Reno, Oklahoma 73036

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: August 13, 2015                UNITED STATES DISTRICT COURT

---

[1] Defendant's crimes fell into two "groups" for purposes of applying the Sentencing Guidelines. The group with the highest offense level generated an Adjusted Offense Level (before adjustments for acceptance of responsibility) of 35, which was greater than all of the other offense levels described in section 4B1.4 of the Guidelines so the ACCA did not affect Defendant's Offense Level. In addition, Defendant had 32 criminal history points, which placed him in Criminal History Category VI regardless of the ACCA.